UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES DORMAN, individually and on behalf of,** *<br>**EVELYN DORMAN, or, alternatively,** *<br>**EVELYN DORMAN, individually** *<br>*<br>    **Plaintiff,** *<br>**vs.** *<br>*<br>**ROYAL ST. CHARLES HOTEL,** *<br>**DESTINATION RSC MANAGEMENT, AND** *<br>**DESTINATION HOTELS AND RESORTS** * | **CASE NO.:**<br><br>**JUDGE:**<br><br><br>**MAGISTRATE JUDGE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiffs, James Dorman, on behalf of Evelyn Dorman, or, alternatively, Evelyn Dorman, individually (hereinafter "Evelyn Dorman"), and James Dorman, individually (hereinafter "James Dorman"), hereby file this Complaint and name Royal St. Charles Hotel ("Royal St. Charles"), Destination RSC Management ("Destination RSC"), and Destination Hotels and Resorts ("Destination Hotels") (collectively, "Defendants"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and for damages under Louisiana Civil Code Articles 60, 2315, 2317, and 2322, and allege:

## PARTIES

I.

Plaintiffs herein are James Dorman, on behalf of Evelyn Dorman, or alternatively, Evelyn Dorman, individually, and James Dorman, individually.

II.

James Dorman is the son of Evelyn Dorman, and is domiciled in the County of Baldwin, State of Alabama.

III.

Evelyn Dorman is domiciled in the County of Filmore, State of Nebraska.

IV.

On May 4, 2018, Evelyn Dorman executed a Power of Attorney (attached hereto as Exhibit 1) granting James Dorman, general authority to act on her behalf in regard to all claims and litigation under Neb. Rev. Stat. § 30-4001 to § 30-4045 and Fed. R. Civ. P. 17(b).

V.

James Dorman has the authority to bring this action on behalf of Evelyn Dorman.

VI.

In the alternative, and out of an abundance of caution, and in the event that James Dorman is found to not have authority to bring suit on behalf of Evelyn Dorman, Evelyn Dorman appears individually and on her own behalf.

VII.

The following parties, who are made defendants in this suit are indebted to Plaintiffs jointly, severally, and/or in solido for declaratory and injunctive relief, attorneys' fees, costs all and all other damages to which Plaintiff is entitled, plus legal interest thereon from date of judicial demand until paid:

A. Royal St. Charles Hotel, upon information and belief, a corporation authorized to do and doing business in the Parish of Orleans, State of Louisiana, and which at all times mentioned herein was an owner, controller, manager, and/or operator of the premises known as "the Royal St. Charles Hotel" located at 135 St. Charles Avenue, New Orleans, Louisiana.

B.  Destination RSC Management, upon information and belief, a corporation authorized to do and doing business in the Parish of Orleans, State of Louisiana and which at all times mentioned herein was an owner, controller, manager, and/or operator of the premises known as "the Royal St. Charles Hotel" located at 135 St. Charles Avenue, New Orleans, Louisiana.

C.  Destination Hotels and Resorts, upon information and belief, a corporation authorized to do and doing business in the Parish of Orleans, State of Louisiana and which at all times mentioned herein was an owner, controller, manager, and/or operator of the premises known as "the Royal St. Charles Hotel" located at 135 St. Charles Avenue, New Orleans, Louisiana.

## CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT

VIII.

This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the ADA). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1342.

IX.

Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b).

X.

Evelyn Dorman is a qualified individual with a disability under the ADA based on her mobility impairment.

XI.

Due to her disability, Evelyn Dorman was substantially impaired in several major life activities prior to March 2, 2019 and used a walker inside her home in the mornings until her legs were limber enough to move about her home freely without the walker. Prior to March 2, 2019, when she left her home, Evelyn Dorman used mobility assistance in the form of a walker and/or wheelchair while she was traveling, in public areas, or outdoors. When utilizing public or hotel bathrooms, she required handicapped facilities equipped with grab bars to aid her mobility.

XII.

Defendants are obligated to comply with the ADA.

XIII.

The Royal St. Charles Hotel is a public accommodation, subject to the ADA.

XIV.

Evelyn Dorman and James Dorman stayed at the Royal St. Charles Hotel on March 2nd and 3rd of 2018.  Evelyn Dorman was provided with a room which was advertised by Defendants as a "handicapped room."

XV.

Upon information and belief, Defendants are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against Evelyn Dorman due to, but not limited to, the following violations which Evelyn Dorman personally observed and/or encountered which hindered her access:

A. The "handicapped room" did not have a grab bar near the toilet;
B. The grab bars in the shower of the "handicapped room" were loose and unusable;

C.  The carpet in both the "handicapped room" and a second hotel room where Evelyn Dorman was present had loose threads and/or seams and/or was uneven and/or worn.

XVI.

Upon information and belief, all ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though remedy is readily achievable.

XVII.

Upon information and belief, removal of the ADA violations located at the Royal St. Charles Hotel is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on Defendants.

XVIII.

Upon information and belief, removal of the ADA violations located at the Royal St. Charles Hotel would provide Evelyn Dorman with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Royal St. Charles Hotel.

XIX.

Evelyn Dorman has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Evelyn Dorman is entitled to have her reasonable attorneys' fees, costs, and expenses paid by Defendants, pursuant to 42 U.S.C § 12205.

XX.

Evelyn Dorman demands judgment against Defendants, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Royal St. Charles owned, leased, managed, and/or operated by Defendants is in violation of the ADA;

B. That this Court enter an Order directing Defendants to alter the Royal St. Charles to make is accessible and usable by individuals with mobility disabilities to the full extent required by Title III of the ADA; and

C. That this Court award such other and further relief as it deems necessary, just and proper.

## CLAIMS UNDER LA. C.C. ARTS. 660, 2315, 2317, 2317.1, and 2322

XXI.

This Court has original jurisdiction pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and the civil action is between citizens of different states. Specifically, this civil action is proper for the following reasons: (i) Plaintiffs are citizens of the State of Nebraska and the State of Alabama; (ii) Defendant, Royal St. Charles Hotel, is domiciled in the Parish of Orleans, State of Louisiana; Defendant, Destination RSC Management, is domiciled in the State of Delaware; and Defendant, Destination Hotels and Resorts, Inc., is domiciled in the County of Los Angeles, State of California; and (iii) from the face of the petition, Plaintiffs seek monetary damages in excess of $75,000, exclusive of interests and costs considering the severity of the damages alleged.

XXII.

Jurisdiction is also proper under 28 U.S.C. §1367 because Plaintiffs' claims under Louisiana Civil Code Arts. 660, 2315, 2317, 2317.1, and 2322 are related to Evelyn Dorman's claims under the Americans with Disability Act.

XXIII.

On or about March 2nd and March 3rd, 2018, Evelyn Dorman was a patron at the Royal St. Charles Hotel owned, operated, managed, and/or controlled by all named Defendants. While present at the Royal St. Charles, Evelyn Dorman was using the premises in a careful and prudent manner when suddenly, unexpectedly and without warning, she tripped and fell in a hotel room on carpet with loose threads and/or seams and/or which was uneven and/or worn.

XXIV.

The unreasonably dangerous condition of the carpet at the Royal St. Charles Hotel rendered the premises defective, ruinous, and hazardous to patrons such as Evelyn Dorman.

XXV.

At all pertinent times herein, Defendants had constructive and/or actual knowledge that an unreasonably dangerous condition existed, and that uneven, loose, worn, non-maintained, inappropriately and/or poorly installed carpet existed and/or that poor design choices had occurred, and Defendants were aware or should have been aware of the tripping hazards of the carpet where the subject accident occurred.

XXVI.

Plaintiffs finally aver that Defendants did not exercise reasonable care and are therefore, presumed negligent.

XXVII.

Defendants are negligent as well as strictly liable to Plaintiffs under Articles 2315, 2317, 2317.1 of the Louisiana Civil Code and are liable for failing to exercise reasonable care for the things under their custody, care, and control. Defendants are further liable for the damages caused to Plaintiffs by the ruin of the building under Article 2322 of the Louisiana Civil Code and for

failure to keep the building in repair under Article 660 of the Louisiana Civil Code. Defendants are also liable for the negligence and liability of any employees, agents, or subcontractors under the doctrine of respondeat superior and/or agency.

XXVIII.

Evelyn Dorman was a patron and invitee of the premises called the Royal St. Charles Hotel. It is averred that at all times mentioned herein Defendants had care, custody, and control of the area where Evelyn Dorman fell.

XXIX.

Plaintiffs plead that the defendants are liable for their damages under the doctrine of res ipsa loquitur.

XXX.

Defendants breached their duty of care to Plaintiffs, which breaches include, but are not limited to the following:

a. Failure to properly manage and maintain the property;

b. Failure to manage and maintain the property in a safe condition;

c. Failure to take all precautions to avoid this accident;

d. Failure to discover and correct an existing dangerous condition;

e. Failure to maintain the property in accordance with municipal, state, federal, and other applicable codes;

f. Failure to maintain the property in good working condition;

g. Failure to properly supervise and conduct the work onsite and operation of the property at issue;

h. Giving express or implied authorization to unsafe practices;

i. Failure to properly inspect and implement management, maintenance, repairs, janitorial, construction, design, architectural and safety procedures, at the property at issue;

j. Failure to provide proper signage warning of potential hazards with the carpet at the premises at issue;

k. Failure to provide a level walking area in the premises at issue; and

l. Any and all other acts of negligence and omissions that will be discovered and shown at the trial of this matter.

## XXXI.

As a result of her fall, Evelyn Dorman suffered severe injuries to the structure, tissues, bones, and muscles of her body, which include, but are not limited to the necessity for hip surgery and all other injuries should be shown at the time of trial, including any conditions disclosed on medical reports.

## XXXII.

Prior to this accident, Evelyn Dorman lived in her own home where she could freely ambulate throughout her house and care for herself. Prior to the accident, she used a walker inside her home in the mornings until her legs were limber enough to move about her home freely without the walker, and when she left her house, she used mobility assistance in the form of a walker and/or wheelchair while she was traveling, in public areas, or outdoors. Following this accident and hip surgery, Evelyn Dorman now requires 24-hour full-time care and now resides in a nursing home. Additionally, she now must use a walker at all times.

XXXIII.

Evelyn Dorman is entitled to compensation in an amount sufficient to reasonably compensate her for the following general and specific damages, which include, but are not limited to the following:

a. Past, present and future physical pain, suffering and loss of function;

b. Past, present and future mental pain, anguish and suffering;

c. Past, present and future medical expenses which include, but are not limited to, rehabilitation costs, doctor bills, hospital bills, nursing home bills, medical tests, pharmaceutical bills, laboratory examinations, physical examination costs, diagnostic studies, and prosthesis;

d. Permanent disability to the musculature, ligaments and bones of the body and permanent scarring and disfigurement; and

e. General damages cognizable by the laws of Louisiana and federal laws.

XXXIV.

James Dorman, individually, has incurred monetary damages as a direct result of the negligence of Defendants.

XXXV.

James Dorman was required to provide care for his mother, Evelyn Dorman, before, after, and during her hip surgery which was necessitated as a direct result of the accident described herein. Therefore, James Dorman suffered expenses and other economic damages as a result of the defendants' negligence. Further, James Dorman is entitled to compensation for the time and energy he expended caring for his mother.

XXXVI.

Defendants are liable to James Dorman, individually, for the damages he sustained.

XXXVII.

Demand for amicable relief has been requested from and rejected by Defendants.

WHEREFORE, Plaintiffs pray that the Defendants be and are hereby duly cited and served with a copy of this complaint, to appear and answer same after all legal delays and the proceedings are had, that there be judgment herein in favor of Plaintiffs and against Defendants in an amount reasonable calculated to compensate them for damages complained of herein, together with legal interest thereon, from the date of judicial demand, until paid, for all costs of these proceedings and for all general and equitable relief.

Respectfully submitted,

/s/ Christopher Martin Utley
**CHRISTOPHER MARTIN UTLEY (#27120)**
**Law Office of Christopher M. Utley**
400 Poydras Street, Suite 1540-A
New Orleans, Louisiana 70130
(504) 342-4466 telephone
c_utley@utleylaw.net